**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO ROMAN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 13-CV-5302 |
| v. | ) | |
| | ) | |
| COOK COUNTY, ILLINOIS and THOMAS | ) | |
| DART, SHERIFF OF COOK COUNTY, | ) | |
| Sued in His Official Capacity and other | ) | **PLAINTIFF DEMANDS TRIAL BY** |
| individuals not presently known to Plaintiff, | ) | **JURY** |
| | ) | |
| | ) | |
| Defendants, | | |

---

### COMPLAINT AT LAW

---

NOW COMES Plaintiff, HUGO ROMAN ("ROMAN"), by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and in complaining against the Defendants, COOK COUNTY, ILLINOIS and THOMAS DART, SHERIFF OF COOK COUNTY, Sued in His Official Capacity, other individuals not presently known to Plaintiff and who were employed by COOK COUNTY, ILLINOIS, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1.     The Plaintiff hereby demands a trial by jury.

### NATURE OF ACTION

2.     This cause of action arises out of the deliberate indifference to the serious medical needs of Plaintiff, HUGO ROMAN, while he was incarcerated as a pretrial detainee at Cook

County Correctional Facility, located at 3015 S. California Ave, Chicago, IL 60608, from July 23, 2012 and through August 31, 2012.

3. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of ROMAN's rights as secured by the United States Constitution, as well as deprivation of rights under State law.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Eighth Amendment to the United States Constitution, and under the common law of the State of Illinois, against Defendants, COOK COUNTY, ILLINOIS and THOMAS DART, SHERIFF OF COOK COUNTY, Sued in His Official Capacity.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's § 1983 claim.

6. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 because said claims are so related to Plaintiff's § 1983 claim, which is within this Court's original jurisdiction, since they arise out of the same case or controversy, the inhumane treatment of Plaintiff, HUGO ROMAN, under Article III of the United States Constitution.

7. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## PARTIES

8. At all times relevant hereto, Plaintiff, HUGO ROMAN, (hereinafter referred to as "ROMAN") was a citizen of the United States and a resident of Cook County, Illinois, which is located in this District.

9.     At all times relevant hereto, Defendant, COOK COUNTY, is a municipal entity organized under the laws of the State of Illinois and is joined hereto in accord with <u>Carver v. Sheriff of LaSalle County,</u> 324 F. 3d 947 (7th Cir. 2003).

10.     At all times relevant hereto, Defendant, THOMAS DART, was the Sheriff of Cook County and was duly authorized by the State of Illinois to manage, maintain, and control a county jail, hereinafter referred to as the Cook County Department of Corrections ("CCDOC"). THOMAS DART is being sued in his official capacity pursuant to his responsibilities which include the directing, implementing and controlling of certain policies, procedures and customs of the CCDOC, which caused some or all of Plaintiff's injuries and were in violation of the U.S. Constitution, as well as the laws of the State of Illinois as set forth herein.

11.     Other individual defendants not presently known to Plaintiff were, at all times relevant hereto, duly appointed employees of Cook County and were working at the CCDOC. At all times relevant hereto, these presently unknown defendants acted toward Plaintiff under the color of the law within their scopes of employment with the CCDOC.

12.     That each and all of the alleged acts of all Defendants were done by Defendant under the color and pretense of the statutes, regulations, customs, and usages of the State of Illinois, and under the authority of their offices, in the penal system of the State of Illinois.

13.     That from July 23, 2012, to August 21, 2012, the on-going events that led to this suit, took place in the County of Cook and State of Illinois, at the Cook County Correctional Facility.

### **FACTUAL ALLEGATIONS**
(COMMON TO ALL COUNTS)

14.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

15.     That on the night of July 21, 2012, Plaintiff, ROMAN, attended a benefit gathering for a close friend of Plaintiff's who had recently committed suicide.

16.     That following the benefit and around 6:00 a.m. on July 22, 2012, Plaintiff, ROMAN, was seriously injured after the motor vehicle he was operating struck a tree.

17.      As a result of the aforesaid car accident, Plaintiff was knocked unconscious and was extracted from his vehicle via the Jaws of Life. He was then rushed via ambulance to Illinois Masonic Hospital, where he was admitted into the Intensive Care Unit (hereinafter referred to as the "ICU").

18.     While at Illinois Masonic, Plaintiff was treated for multiple injuries and diagnosed with, among other things, a head injury and multiple fractures at the C7, T1 and T2 levels in his spinal cord.

19.     That on July 23, 2012, within hours of his hospital admission, while a bed-ridden ROMAN experienced immense pain and immobility due to the broken vertebrae in his spinal cord, ROMAN was placed under arrest for driving under the influence and handcuffed by certain unknown Cook County Sheriff Deputies.

20.     That on July 23, 2012, the aforesaid unknown Cook County Sheriff Deputies, as individuals who escorted Plaintiff, ROMAN, from the ICU, could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

21.     After being forcefully handcuffed behind his back, ROMAN was forced to walk through the hospital, down stairs and through the accompanying parking lot where he was forcefully placed in the back of a Cook County Sheriff paddy wagon and transported to the

CCDOC despite ROMAN's serious medical condition, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

22.     During the transfer to CCDOC, ROMAN, who was not secured via seat belt or other seat restraint, experienced excruciating pain as his body was bounced around the paddy wagon since he lacked the ability to sit up fully and/or support himself due to his spinal cord injuries.

23.     After exiting the paddy wagon, ROMAN, who complained of pain to the unknown Cook County Sheriff Deputies, was then forced to walk down several flights of stairs while being transported to the basement for booking despite his injuries, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

24.     That during the time he was being forced to walk down the flights of stairs, ROMAN made multiple verbal requests to unknown Cook County Sheriff Deputies for the use of an elevator or alternative route to the basement since he was experiencing immense pain due to his spinal cord injuries.

25.     That despite said requests, ROMAN was denied the ability to use an elevator or alternative route to the basement even though he complained of immense pain and certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

26.     That ROMAN was then forced to stand for approximately (8) eight hours, while the booking process was being completed, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

27.     That during the aforesaid eight (8) hours, ROMAN made multiple verbal requests to unknown Cook County Sheriff Deputies for a wheelchair, chair or other sitting mechanism so that ROMAN could sit or rest during the booking process since he was experiencing immense pain due to his severe spinal cord injuries.

28.     That despite said requests, ROMAN was denied the ability to sit or rest during the booking process even though he complained of immense pain and certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

29.     That further during the aforesaid eight (8) hours, ROMAN made multiple verbal requests to unknown Cook County Sheriff Deputies for the removal and/or adjustment of his handcuffs since the placement of the handcuffs exacerbated his pain and discomfort due to the severity of his injuries.

30.     That despite the aforesaid requests, the handcuffs on ROMAN were never removed and/or adjusted even though he complained of immense pain and certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

31.     That for the duration of the booking process, ROMAN made several requests to unknown Cook County Sheriff Deputies for pain medication and/or to see a physician since he was experiencing immense pain due to his severe spinal cord injuries, however, said requests

were also denied, even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

32.     The denial of said requests demonstrated a deliberate indifference to ROMAN's serious medical needs.

33.     That after the booking process was complete, ROMAN was issued an inmate number of 2012-0723161 and taken to a cell without receiving any medical treatment and/or medicine for pain management, even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body and even though ROMAN requested the same, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

34.     ROMAN was provided no medical treatment until July 24, 2012, when he was transferred to Cermak Health Services of Cook County, Cook County Correctional Facility Hospital, which demonstrated a deliberate indifference to ROMAN's serious medical needs.

35.     That during the aforesaid transfer, unknown Cook County Sheriff Deputies, placed ROMAN in tightly-secured handcuffs in addition to shackles, which connected at ROMAN's wrists and ankles, even though ROMAN complained of immense pain due to his severe spinal cord injuries and even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

7

36.     The aforesaid actions demonstrated a deliberate indifference to ROMAN's serious medical needs.

37.     That from July 24, 2012, through July 31, 2012, unknown Cook County Sheriff Deputies continued to disallow ROMAN to rest or recuperate from his injuries even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

38.     The aforesaid actions demonstrated a deliberate indifference to ROMAN's serious medical needs.

39.     That on July 31, 2012, ROMAN was taken to Court while placed in tightly-secured handcuffs in addition to shackles, which connected at ROMAN's wrists and ankles, even though ROMAN complained of immense pain due to his severe spinal cord injuries and even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

40.     The aforesaid actions demonstrated a deliberate indifference to ROMAN's serious medical needs.

41.     That on July 31, 2012 and while at Court, the presiding Judge ordered that Plaintiff, ROMAN, be released from the CCDOC.

42.     That despite the Judge's order on July 31, 2012, Plaintiff, ROMAN remained imprisoned for the next twenty-one (21) days, during which time ROMAN was repeatedly denied the ability to rest even though certain unknown Cook County Sheriff Deputies could see, among other things, that Plaintiff, ROMAN, had serious injuries as he could barely walk, lacked

the ability to stand up fully, had a brace around his neck and had contusions on his face and other parts of his body.

43.     The aforesaid actions demonstrated a deliberate indifference to ROMAN's serious medical needs.

44.     That on August 21, 2012, Plaintiff was finally released after the presiding Judge again ordered certain unknown Cook County Sheriff Deputies to release ROMAN.

## COUNT I: WILFUL AND WANTON CONDUCT
### (Plaintiff v. Cook County)

45.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

46.     That at all times relevant hereto, it was the duty of Defendant, COOK COUNTY, acting by and through its duly authorized deputies, agents, representatives and/or employees, before and at the time of the occurrence, to refrain from refrain from acting with an utter indifference and/or conscious disregard for the well-being of ROMAN.

47.     Notwithstanding said duty, at all times relevant hereto, the Defendant, COOK COUNTY, by and through its deputies, agents, representatives and/or employees, committed one or more of the following acts and/or omissions:

    a.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly forced ROMAN to walk and stand when doctors ordered bed rest for Plaintiff which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    b.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly handcuffed Plaintiff for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    c.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly shackled Plaintiff and forced him to walk for

hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

d.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the use of a wheelchair or other sitting mechanism while being transferred  he was transferred which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

e.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the medications for pain management which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs; and

f.  With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant failed to release ROMAN after said release was ordered by the presiding judge inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs.

48.  That as a direct result of one or more of the aforementioned acts and/or omissions, Plaintiff, ROMAN, suffered a tremendous amount of pain, causing him to suffer further injury.

49.  That at all times relevant hereto, Defendant, COOK COUNTY, by and through its deputies, agents, representatives and/or employees, was acting under color of state law.

50.  That at all times relevant hereto, the actions of Defendant, COOK COUNTY were objectively unreasonable and were undertaken intentionally with willful indifference to ROMAN's constitutional rights.

51.  That as a further direct result of the Defendant's, COOK COUNTY, abovementioned acts and/or omissions, ROMAN suffered pain, emotional distress, loss of normal life, disfigurement, loss earnings, wages, profits he otherwise would have earned, and incurred legal obligations for medical bills.

WHEREFORE, Plaintiff, HUGO ROMAN, prays for a judgment against Defendant,

COOK COUNTY, awarding compensatory damages, including but not limited to medical expenses against COOK COUNTY, and any further relief this Court deems necessary.

**COUNT II – 42 U.S.C. §1983**
**VIOLATION OF EIGHTH AMENDMENT**
**(Plaintiff v. Cook County)**

52.     Plaintiff hereby incorporates by reference all stated paragraphs as though fully stated herein.

53.     That at all times relevant hereto, Defendant COOK COUNTY, acting by and through its duly authorized deputies, agents, representatives and/or employees, owed a duty of care to refrain from acting with a deliberate indifference to the health and safety of ROMAN.

54.     Notwithstanding said duty, at all times relevant hereto, the Defendant, COOK COUNTY, by and through its deputies, agents, representatives and/or employees, committed one or more of the following acts and/or omissions:

    a. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly forced ROMAN to walk and stand when doctors ordered bed rest for Plaintiff which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    b. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly handcuffed Plaintiff for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    c. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly shackled Plaintiff and forced him to walk for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    d. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the use of a wheelchair or other sitting mechanism while being transferred  he was transferred which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    e.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the medications for pain management which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs; and

    f.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant failed to release ROMAN after said release was ordered by the presiding judge inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs.

55.    That as a direct result of one or more of the aforementioned acts and/or omissions, Plaintiff, ROMAN, suffered a tremendous amount of pain, causing him to suffer further injury.

56.    That at all times relevant hereto, the aforementioned conduct of Defendant, COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, constituted a deliberate indifference to ROMAN's health and safety, in violation of the United States Constitution.

57.    That at all times relevant hereto, the aforementioned conduct of Defendant, COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, demonstrated a deliberate indifference to ROMAN's serious medical needs which constituted the unnecessary and wanton infliction of pain, in violation of the United States Constitution.

58.    That at all times relevant hereto, the aforementioned conduct of Defendant, COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, was done even though said defendant knew that ROMAN faced a substantial risk of serious harm in light of his injuries.

59.     That as a result of the actions of Defendant, COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, unreasonable and excessive use of force, ROMAN experienced conscious pain and suffering.

60.     That as a direct result of one or more of the aforementioned acts and or omissions, or lack of medical treatment, Hugo Roman suffered a tremendous amount of pain, causing him to suffer injury, resulting in cruel and unusual punishment.

61.     That as a further direct result of the Defendant's, COOK COUNTY, abovementioned acts and/or omissions, ROMAN suffered pain, emotional distress, loss of normal life, disfigurement, loss earnings, wages, profits he otherwise would have earned, and incurred legal obligations for medical bills.

WHEREFORE, Plaintiff, HUGO ROMAN, prays for a judgment against Defendant, COOK COUNTY, awarding compensatory damages, including medical expenses and attorneys' fees against COOK COUNTY, and any further relief this Court deems necessary.

## COUNT III: WILFUL AND WANTON CONDUCT
### (Plaintiff v. Thomas Dart, in his official capacity)

62.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

63.     That at all times relevant hereto, it was the duty of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, acting by and through its duly authorized deputies, agents, representatives and/or employees, before and at the time of the occurrence, to refrain from refrain from acting with an utter indifference and/or conscious disregard for the well-being of ROMAN.

64.     Notwithstanding said duty, at all times relevant hereto, the Defendant, THOMAS

DART, SHERIFF OF COOK COUNTY, by and through its deputies, agents, representatives and/or employees, committed one or more of the following acts and/or omissions:

    a.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly forced ROMAN to walk and stand when doctors ordered bed rest for Plaintiff which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    b.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly handcuffed Plaintiff for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    c.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly shackled Plaintiff and forced him to walk for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    d.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the use of a wheelchair or other sitting mechanism while being transferred  he was transferred which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

    e.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the medications for pain management which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs; and

    f.    With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant failed to release ROMAN after said release was ordered by the presiding judge inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs.

65.    That as a direct result of one or more of the aforementioned acts and/or omissions, Plaintiff, ROMAN, suffered a tremendous amount of pain, causing him to suffer further injury.

66.    That at all times relevant hereto, Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its deputies, agents, representatives and/or employees, was acting under color of state law.

67.     That at all times relevant hereto, the actions of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, were objectively unreasonable and were undertaken intentionally with willful indifference to ROMAN's constitutional rights.

68.     That as a further direct result of the Defendant's, THOMAS DART, SHERIFF OF COOK COUNTY, abovementioned acts and/or omissions, ROMAN suffered pain, emotional distress, loss of normal life, disfigurement, loss earnings, wages, profits he otherwise would have earned, and incurred legal obligations for medical bills.

WHEREFORE, Plaintiff, HUGO ROMAN, prays for a judgment against Defendant, Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, awarding compensatory damages, including but not limited to medical expenses against COOK COUNTY, and any further relief this Court deems necessary.

**COUNT IV – 42 U.S.C. §1983**
**VIOLATION OF EIGHTH AMENDMENT**
**(Plaintiff v. Thomas Dart, in his official capacity)**

69.     Plaintiff hereby incorporates by reference all stated paragraphs as though fully stated herein.

70.     That at all times relevant hereto, Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, acting by and through its duly authorized deputies, agents, representatives and/or employees, owed a duty of care to refrain from acting with a deliberate indifference to the health and safety of ROMAN.

71.     Notwithstanding said duty, at all times relevant hereto, the Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its deputies, agents, representatives and/or employees, committed one or more of the following acts and/or omissions:

a. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly forced ROMAN to walk and stand when doctors ordered bed rest for Plaintiff which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

b. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly handcuffed Plaintiff for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

c. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly shackled Plaintiff and forced him to walk for hours which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

d. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the use of a wheelchair or other sitting mechanism while being transferred  he was transferred which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs;

e. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant repeatedly denied ROMAN the medications for pain management which inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs; and

f. With utter indifference and conscious disregard to the medical condition of ROMAN, Defendant failed to release ROMAN after said release was ordered by the presiding judge inflicted unnecessary and wanton pain and constituted a deliberate indifference to ROMAN's serious medical needs.

72.    That as a direct result of one or more of the aforementioned acts and/or omissions, Plaintiff, ROMAN, suffered a tremendous amount of pain, causing him to suffer further injury.

73.    That at all times relevant hereto, the aforementioned conduct of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, constituted a deliberate indifference to ROMAN's health and safety, in violation of the United States Constitution.

74. That at all times relevant hereto, the aforementioned conduct of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, demonstrated a deliberate indifference to ROMAN's serious medical needs which constituted the unnecessary and wanton infliction of pain, in violation of the United States Constitution.

75. That at all times relevant hereto, the aforementioned conduct of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, was done even though said defendant knew that ROMAN faced a substantial risk of serious harm in light of his injuries.

76. That as a result of the actions of Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by and through its duly authorized deputies, agents, representatives and/or employees, unreasonable and excessive use of force, ROMAN experienced conscious pain and suffering.

77. That as a direct result of one or more of the aforementioned acts and or omissions, or lack of medical treatment, Hugo Roman suffered a tremendous amount of pain, causing him to suffer injury, resulting in cruel and unusual punishment.

78. That as a further direct result of the Defendant's, THOMAS DART, SHERIFF OF COOK COUNTY, abovementioned acts and/or omissions, ROMAN suffered pain, emotional distress, loss of normal life, disfigurement, loss earnings, wages, profits he otherwise would have earned, and incurred legal obligations for medical bills.

WHEREFORE, Plaintiff, HUGO ROMAN, prays for a judgment against Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, awarding compensatory damages, including

medical expenses and attorney's fees against Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, and any further relief this Court deems necessary.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC


  /s/ Rebekah L. Williams
Attorney for Plaintiff

Antonio M. Romanucci
Rebekah L. Williams
**ROMANUCCI & BLANDIN, LLC**
33 North LaSalle Street
20th Floor
Chicago, Illinois 60602
(312) 458-1000
(312) 458-1004 *facsimile*
ARDC No.: 6190290 (*Romanucci*)
ARDC No.: 6307331 (*Williams*)

### Certificate of Service

I certify that on the 24th day of July, 2013, a copy of "**Plaintiff's Complaint at Law**" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Rebekah L. Williams
Rebekah L. Williams